## UNITED STATES v. MAKRES et al.
### Cr. No. 10082.

United States District Court
S. D. Texas, Houston Division.
Dec. 22, 1950.

M. Gabriel Nahas, Jr., of Houston, Tex., for petitioner.

Wm. R. Eckhardt, III, Asst. U. S. Atty., of Houston, Tex., for respondent.

HANNAY, District Judge.

On November 23, 1948, Petitioner, Gust Makres, a long-time drug user and narcotics violator, appeared before this court with his two co-defendants, charged with violation of Section 494, Title 18 United States Code (falsely making and forging narcotic prescriptions). We are not concerned here with the two other defendants in the case.

Upon his plea of guilty, Makres was sentenced to three years to serve on Count 1 of the indictment. (Lexington recommended), two years on Count 2, suspend-

ed for five years, with supervision. A fine of $250.00 was imposed on Counts 1 and 2, which was likewise suspended for five years; probation to begin at the end of the sentence imposed on Count 1 of the indictment. He was transferred to the hospital at Lexington, Kentucky, where he received treatment, and was later sent to the penitentiary at Leavenworth, Kansas.

Now, more than two years after he was sentenced, Makres is before this court on a motion to vacate and set aside the sentence imposed upon him, giving as reasons therefor,—

(1) That he was deprived of certain rights guaranteed to him by the Sixth Amendment;

(2) That he did not intelligently and understandingly waive his right to have counsel appointed for him;

(3) That he relied upon certain promises allegedly made, either expressly or impliedly, by Mr. Harvin, a narcotics officer then stationed in Houston, and upon certain statements which he says were made to him by Kay M. Nolen, Assistant United States Attorney. The promises made by Mr. Harvin were supposedly made on November 4 and November 23, 1948, and the statements made by Mr. Nolen on November 23, 1948.

Petitioner requested that he be brought to Houston for hearing on his motion. This request was granted, and hearing on the motion was had on December 18, 1950, at which time Makres was again questioned as to whether or not he desired to have an attorney appointed to represent him. He indicated that he did want counsel, and competent counsel was appointed and acted for him throughout the hearing on the motion.

Petitioner testified in his own behalf and called as witnesses, Mr. Harvin, Narcotics officer; Mrs. Eleanor Harrell, Secretary to Hon. W. F. Carothers, United States Commissioner, and a policeman by the name of Billnitz. He then rested. The government called Mr. Harvin and introduced Mr. Nolen as witnesses, and placed in evidence a complete stenographic copy, duly sworn to by the court reporter of this court, of the proceedings had in the arraignment, waiver, plea and sentence on the trial of this case. Both sides then rested.

### Findings of Fact.

I find the facts in this case to be:

1. Petitioner is a mature man, a native-born American citizen of more than usual intelligence and with extensive experience in federal courts.

2. On the day of sentence a number of other defendants were arraigned and were told of their right to have counsel appointed to represent them, all of which this petitioner heard and understood.

3. On November 23, 1948, Makres was specifically questioned as to whether he wished to have an attorney appointed to represent him.

4. No promises were made to petitioner by either Mr. Harvin or Mr. Nolen, either expressly or impliedly, as to the kind or term of sentence which would be imposed.

5. If such promises were made (and I expressly find that they were not), same were not made known to this court until the filing of this motion, some 18 months after the imposition of sentence.

6. Petitioner understandingly, intelligently, freely and voluntarily waived his right to have counsel appointed for him, well-knowing from his previous experiences in the federal court that he had a right to counsel, if he so desired.

7. Makres, both at the time of arraignment, waiver and sentence, and on the trial of this motion, admitted that he was guilty of the offenses for which he was sentenced.

8. Petitioner's motion now is occasioned, first, by his transfer from a hospital-type institution to a penitentiary; and second, he wishes to have his sentence vacated in order that he may avoid the five year supervision which is to follow the term he is now serving, for the reason that in view of his three previous convictions for narcotic violations, he is fearful that he cannot live within the terms of the probation order.

### Conclusions of Law.

I conclude as a matter of law that petitioner was not deprived of any rights

guaranteed to him by the Sixth Amendment, but that he expressly, understandingly and intelligently waived same, well knowing what he was doing and the consequences thereof. Quicksall v. Michigan, 339 U.S. 660, 70 S.Ct. 910, and cases their cited. See also Ossenfort v. Pulaski, 5 Cir., 171 F.2d 246.

It therefore follows that petitioner's motion to vacate should be, and same hereby is, denied and overruled.